[No. F003458. Fifth Dist. Feb. 7, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD FRANCO, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the "Guilt Phase" portion of the Statement of Facts, and part II.

**COUNSEL**

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Lisa Short, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Nancy Sweet, Deputy Attorney General, for Plaintiff and Respondent.

Christopher N. Heard as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Appellant Ronald Franco was initially charged with false imprisonment (Pen. Code, § 236),[1] assault with a deadly weapon other than a firearm (a cane and chair) with force likely to produce great bodily injury (§ 245, subd. (a)(1)), kidnapping (§ 207, subd. (a)), and contempt of court, a misdemeanor (§ 166, subd. (4)). It was alleged that in the commission of the false imprisonment and kidnapping counts appellant personally used a deadly and dangerous weapon (§ 12022, subd. (b)), and that in the commission of these two counts and the assault charge, appellant inflicted great bodily injury (§ 12022.7).

Appellant entered pleas of not guilty and not guilty by reason of insanity. The kidnapping charge was dismissed upon appellant's section 995 motion. Appellant waived trial by jury. After court trial, the trial judge found defendant guilty of false imprisonment and assault with a deadly weapon. The court further found the enhancements alleged as to these charges to be true. The court found appellant not guilty of the misdemeanor charge. The court further found appellant was sane at the time of the commission of these offenses. Appellant was sentenced to state prison for a total term of seven years. He appeals.

### STATEMENT OF FACTS

Upon waiver of jury trial, the matter was submitted to the trial judge upon the transcript of the preliminary hearing, the examining psychiatrists' reports and certain photographs depicting the victim's injuries. Relevant facts herein are taken from these sources and the probation officer's report.

### *Guilt Phase*†

. . . . . . . . . . . . . . . . . . . . . . .

### *Sanity Phase*

Two psychiatrists evaluated appellant's sanity at the time of the offenses. Dr. Charles Davis concluded that although appellant suffers from schizophrenia, he was legally sane at the time of the offenses. He enumerated in detail his reasoning in reaching this conclusion. Dr. Paul Levy also con-

---

\*Before Brown (G. A.), P. J., Franson, J., and Martin, J.

[1]All statutory references are to the Penal Code unless otherwise indicated.

†See footnote on page 422, *ante.*

cluded appellant was legally sane under the test established in section 25 by Proposition 8; Dr. Levy also opined appellant was insane under the *Drew/ALI* test.[3] At the time of trial, counsel stipulated that if Dr. Davis were to testify at trial, he would testify appellant was sane per Proposition 8 but insane per the ALI test at the time of the incident.[4]

### DISCUSSION

Appellant does not dispute the trial court's findings in the guilt phase of his trial. Rather, he contends the trial court erred in its interpretation of section 25, subdivision (b), the post-Proposition 8 definition of criminal insanity.

### I. THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO MEET BOTH PRONGS OF SECTION 25, SUBDIVISION (b)

■ The instant charges against appellant arose out of an incident which occurred during the period from June 12, 1982, through June 16, 1982. Section 25, subdivision (b) was added to the Penal Code by the passage of Proposition 8 on June 8, 1982. Its effective date was June 9, 1982. It provides as follows: "In any criminal proceeding, including any juvenile court proceeding, in which a plea of not guilty by reason of insanity is entered, this defense shall be found by the trier of fact only when the accused person proves by a preponderance of the evidence that he or she was incapable of knowing or understanding the nature and quality of his or her act *and* of distinguishing right from wrong at the time of the commission of the offense." (Italics added.)

During argument of the sanity issue, defense counsel objected to the use of section 25, subdivision (b) in evaluating appellant's sanity and argued that the court should apply the ALI standard enunciated in *People* v. *Drew, supra,* 22 Cal.3d 333. The trial court concluded it was bound by the provisions of Proposition 8, found the doctors to be in agreement under that standard (§ 25, subd. (b)), and found the appellant was legally sane at the time of the commission of the offenses charged in the information. Appellant raises the disjunctive-conjunctive argument in this appeal, contending section 25, subdivision (b) should be read and applied in the disjunctive, i.e., that he or she was incapable of knowing or understanding the nature and quality of his or her act *or* of distinguishing right from wrong at the time

---

[3]See *People* v. *Drew* (1978) 22 Cal.3d 333, 341 [149 Cal.Rptr. 275, 583 P.2d 1318].

[4]Also before the trial court was the report of September 11, 1982, by Dr. Trevor Glenn pursuant to section 1368. Dr. Glenn diagnosed appellant as suffering from acute schizophrenia with both disorganized and paranoid symptomatology, and judged him incompetent to stand trial at that time.

of the commission of the offense, irrespective of the use of "and" rather than "or" in the section. Appellant argues that to do otherwise "is tantamount to the elimination of the test (for sanity) in this state."

The short answer to appellant's argument is that he is correct, at least as to his conclusion, and the trial court erred in using the conjunctive test in applying section 25, subdivision (b). However, as we shall also explain, the error was harmless in the instant case and reversal is not required.

In *People* v. *Horn* (1984) 158 Cal.App.3d 1014 [205 Cal.Rptr. 119], the Third District Court of Appeal held the use of the conjunctive "and" in section 25, subdivision (b) was the result of careless drafting and not a demonstration of an intent to reject the M'Naghten test. After a long and scholarly dissertation on the historical developments and effects of the various definitions of insanity used by the courts, the *Horn* majority reinstated the M'Naghten test as the California rule and concluded the defense of insanity may be established by an adequate showing the defendant was incapable of either knowing or understanding the nature and quality of his or her act, *or* distinguishing right from wrong.

The California Supreme Court recently resolved this issue in *People* v. *Skinner* (1985) 39 Cal.3d 765 [217 Cal.Rptr. 685, 704 P.2d 752] when it stated: "It is apparent from the language of section 25(b) that it was designed to eliminate the *Drew* test and to reinstate the prongs of the M'Naghten test. However, the section uses the conjunctive 'and' instead of the disjunctive 'or' to connect the two prongs. Read literally, therefore, section 25(b) would do more than reinstate the M'Naghten test. It would strip the insanity defense from an accused who, by reason of mental disease, is incapable of knowing that the act he was doing was wrong. . . .

". . . . . . . . . . . . . . . . . . . . . . .

"Mindful of the serious constitutional questions that might arise were we to accept a literal construction of the statutory language, and of our obligation wherever possible both to carry out the intent of the electorate and to construe statutes so as to preserve their constitutionality [citations], we shall conclude that section 25(b) was intended to, and does, restore the M'Naghten test as it existed in this state before *Drew*. We shall also conclude that under that test there exist two distinct and independent bases upon which a verdict of not guilty by reason of insanity might be returned." (*Id.,* at p. 769.) Therefore, in the instant case, we must conclude that the trial court erred in using the conjunctive rather than the disjunctive test in applying section 25, subdivision (b). In view of this conclusion, we need not address appellant's other contentions regarding section 25, subdivision (b)

of unconstitutionality, violation of due process, cruel and unusual punishment and equal protection.

■ We next address the significance of the error and conclude it was harmless. A defendant must show by a preponderance of the evidence that he was incapable of knowing or understanding the nature and quality of his act *or* of distinguishing right from wrong at the time of the commission of the offense to be found insane. (*Ante,* at p. 426.) If a defendant satisfies either prong of the test he has met his burden. However, if the defendant fails to satisfy either prong, he must be found to have been sane at the time of the commission of the offense. In the instant case, appellant did not testify; he relied on the reports of Dr. Davis and Dr. Levy and his argument that the trial court should use the *Drew*/ALI standard rather than section 25, subdivision (b) in determining the issue of appellant's sanity. Actually, appellant did not raise the conjunctive-disjunctive argument below. However, for purpose of argument we will ignore this sometimes fatal deficiency.

More importantly, both psychiatrists concluded that at the time of the commission of the instant offenses, appellant was capable of knowing and understanding the nature and quality of his acts *and* was capable of distinguishing right from wrong. Dr. Davis stated in his report: "Even though the illness at the time of the alleged offenses was quite severe, and the criminal behavior was the product of the mental illness, it still was not of such severity as to make him [appellant] incapable of knowing or understanding the nature and quality of his acts and incapable of distinguishing right from wrong." Dr. Davis then explicitly detailed the basis of this conclusion.

Dr. Levy summarized the material he reviewed and his examination of appellant, also in substantial detail, and concluded as follows: "If the American Law Institute Test for insanity were used, I would have to consider this man to have been legally insane at the time of the commission of the offenses since he was not able to conform his conduct to the requirements of law. This inability would have been based upon his severe psychotic state at the time.

"If the Proposition 8 insanity rule is the one that is to be used in this case, then it would have to be my opinion that in spite of the existence of his psychotic symptoms, he still had the mental capacity to be capable of knowing or understanding the nature and quality of his acts and in my opinion, in spite of the existence of his psychotic symptoms, his mental capacity at the time of the offenses was such that he would have been able to distinguish right from wrong. Therefore, if the Proposition 8 rule is used,

*it would be my opinion that he was legally sane at the time of the commission of the offense."*

Error occurred when the evidence was evaluated by the trier of fact using an incorrect test for legal insanity. We find the situation presented here analogous to one in which a jury is misinstructed regarding fundamental principles of law, thereby denying the defendant his constitutional right to have the trier of fact determine every material issue presented by the evidence. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 720 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684 [160 Cal.Rptr. 84, 603 P.2d 1].) The error, however, is not reversible per se. (*Id.,* at pp. 720-721.) In the instant case, the issue of whether appellant might have been determined insane were the M'Naghten standard applied, was necessarily resolved adversely to the appellant. (*Ibid.; People* v. *Garcia* (1984) 36 Cal.3d 539, 554 [205 Cal.Rptr. 265, 684 P.2d 826], cert. den. — U.S. — [84 L.Ed.2d 366, 105 S.Ct. 1229].) It is of no moment that both doctors would have found appellant insane under the ALI standard. That was no longer the applicable law. The only witness who testified at the preliminary hearing, appellant's mother, offered a lay opinion that she felt appellant knew and understood the nature and quality of his acts and could distinguish between right and wrong at the time he did them. Thus, the only evidence before the trial court was that appellant was sane under either and both prongs of section 25, subdivision (b). Since no other conclusion was possible upon the record before the trial court, the inadvertent use of the conjunctive rather than disjunctive test by the trial court is not reversible error.

II. Did the Trial Court Abuse Its Discretion in Failing to Consider Whether the Provisions of Section 1170.9 Applied to Appellant?*

. . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

---

*See footnote on page 422, *ante.*